DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
STEPHEN MEYER (CABN 263954)
PHILIP KOPCZYNSKI (NYBN 4627741)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    kevin.barry@usdoj.gov
    stephen.meyer@usdoj.gov
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 13-764 WHO |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM RE: ANTONIO GILTON** |
| v. | |
| ALFONZO WILLIAMS, et al., | |
| Defendants. | |

Defendant Antonio Gilton appears before the Court for sentencing after having pleaded guilty to Counts One and Four of the Second Superseding Indictment. He pleaded guilty with a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In his plea agreement, he admitted he was part of the charged RICO conspiracy and participated in the murder of Calvin Sneed. Dkt. 2113 ¶ 2. He and the government agreed to a sentence of between 20 and 25 years of imprisonment, five years of supervised release, a $200 special assessment, and a fine and restitution as determined by the Court. *Id.* ¶ 8.

The government urges the Court to accept the plea agreement. The government recommends that the Court sentence Gilton to 25 years of imprisonment, along with five years of supervised release and the other agreed-upon terms. The Probation Office recommends this sentence as well.

### I.  Sentencing Guidelines

The parties and the Probation Office agree that the total offense level is 41. Dkt. 2113 ¶ 7; PSR ¶ 64. Gilton is in criminal history category IV. PSR ¶ 73. Offense level 41 in criminal history category IV yields an advisory range of 360 months to life. USSG § 5A. In addition, Gilton stands convicted of Count Four, which is a violation of 18 U.S.C. § 924(j) that carries a mandatory minimum prison term of 10 years that must run consecutive to any other prison term. Therefore, the advisory sentence is 360 months to life for Count One, and 120 months for Count Four. USSG § 3D1.1(b)(1).

### II.  Recommended Sentence

The government recommends that the Court sentence Gilton to 25 years of imprisonment. The Probation Office recommends this sentence as well. It is an appropriate sentence for Gilton's crimes, and it is commensurate with the sentences received by Gilton's co-defendants.

#### A.  Criminal Conduct

This case and Gilton's role in it are undoubtedly familiar to the Court. Briefly, Gilton, who is now 33 years old, was an active member of CDP from at least 2000 through July 2012, when he was arrested for murdering Calvin Sneed. Dkt. 2113 ¶ 2(b). He knew full well that CDP was a violent gang engaged in murder, pimping, robbery, and other crimes. Dkt. 2113 ¶ 2(a)–(c). And Gilton himself committed many crimes. In April 2007, he was stopped for driving violations and found with a loaded .45 caliber handgun in the center console of his car. PSR ¶ 80. Two weeks later, he got in a shoot-out in

the Mission District. PSR ¶ 68. Police found five 9mm casings on the south side of 15th Street, which matched the caliber of a handgun that Gilton tossed under a parked car shortly before police arrested him. Ex. 248. Gilton said that he was trying to "protect" himself, and that he had been shot before. Ex. 246. These incidents reveal how deeply Gilton was enmeshed in criminal street gang life at the time.

Gilton was fortunate to receive a probationary sentence in San Francisco Superior Court for these two incidents, yet he violated his probation less than a year later by trafficking drugs. He was convicted of felony distribution of crack cocaine. PSR ¶ 69.

Numerous other arrests involving drugs and firearms pepper Gilton's record. PSR ¶¶ 74–88.

In addition, Gilton was shot in 2012 in the parking lot of the BBQ pit, near the intersection of Grove and Divisadero Streets in CDP territory. Ex. 1570. While Gilton was not the perpetrator in this incident, it reflects his deep involvement in CDP's affairs. All available evidence indicates that Gilton was targeted, either as part of CDP's bloody war with KOP or as retaliation for the murder of Calvin Sneed. Gilton was shot a block from 1458 Grove Street, which was the de facto CDP clubhouse. Afterwards, he did not report the incident to the police, and when police found him at the hospital, he said only that he did not know who shot him or why. Gilton has tried to paint this incident as a random shooting, but the Court has recognized it is "relevant and probative." Dkt. 2081 at 7.

Finally, and most significantly, Gilton was one of the defendants who murdered Calvin Sneed. PSR ¶ 40. As seen in video surveillance, cell-site data, and other evidence, Antonio Gilton, along with Barry Gilton and Alfonzo Williams, met at 1458 Grove Street before traveling to the Bayview. They found Sneed while he was coming to pick up Barry Gilton's daughter. They shot and killed Sneed before racing away. The daughter was traumatized, having witnessed much of the incident and seen Sneed's dead body immediately afterwards. Sneed, at age 22, died of gunshot wounds to the head.

### B. Co-defendants' Sentences

Gilton stands convicted of RICO conspiracy and use of a firearm causing murder. Two of his co-defendants who were convicted of VICAR murder, Charles Heard and Jaquain Young, received life sentences. Adrian Gordon, who was convicted of attempted murder, received 27 years. Against this backdrop, a sentence of 25 years is wholly appropriate. Gilton, unlike the others, accepted responsibility

for his crimes and pleaded guilty, which merits a measure of leniency, but certainly nothing lower than 25 years.

### III.     Restitution

The question of restitution remains outstanding.  Calvin Sneed's mother, and perhaps other victims, may submit victim impact statements and claims for restitution.  The government has diligently solicited input and loss information from Ms. Sneed, but she has not yet returned the necessary paperwork.  In a recent conversation, Ms. Sneed told the government's victim specialist that she does not plan to attend the sentencing hearing but will submit a statement.  As part of that statement, she may claim certain losses, such as funeral expenses, that are appropriate for a restitution order.  Gilton, for his part, has "agree[d] to pay full restitution for all losses caused by all the schemes or offenses with which [he] was charged in this case."  Dkt. 2113 ¶ 10.  Given this situation, the government provides notice under 18 U.S.C. § 3664(d)(5) that victims' losses are not ascertainable by 10 days prior to sentencing, and asks the Court to delay a final decision on restitution by 90 days.

Dated: September 23, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
KEVIN J. BARRY
STEPHEN MEYER
PHILIP KOPCZYNSKI
Assistant United States Attorneys